LEMMON, Judge
(concurring in part and dissenting in part).
NO. 6501
The terms of the consent judgment, relative to title warranty, differ from the terms of the purchase agreement, but this does not necessarily compel the conclusion that the consent judgment is self-contradictory. If the parties had expressly agreed that a general warranty in the consent judgment would supercede the limited warranty in the earlier purchase agreement, they could have accomplished this by using the exact words which appear in the consent judgment.[1]
*596 However, the record does not establish that the parties so agreed. In fact, the historical relationship of the parties and the testimony as to negotiations leading up to the consent judgment belie such a conclusion. The record is clear that no party to the negotiated consent judgment ever intended that the Parkersons deliver to the Recile interests a better title than Parker-son received from them.
Therefore, the judgment was not self-contradictory, but was ambiguous and subject to two interpretations. Indeed, each party sought to enforce the judgment under his own interpretation, the Parkersons seeking to recognize the judgment as exec-utory and the Recile interests seeking a declaration that the once enforceable judgment was no longer enforceable.
Under such circumstances it is not necessary in my opinion that the court handling the enforcement proceedings nullify the judgment. The court in this situation can properly order enforcement in accordance with the clear intention of the parties that the Parkersons deliver a good and merchantable title except for defects which were beyond the Parkersons’ control and in existence when the Recile interests transferred title to the Parkersons.[2]
I would reverse the trial court judgment, but instead of remanding would render judgment granting the Parkersons the relief they sought in their motion to recognize the consent judgment as executory.
NO. 6502
For the reasons assigned in my separate opinion in No. 6501, Parkerson v. R-5, Inc., I would reverse the trial court judgment and dismiss the suit for declaratory judgment.

. The pertinent portion of the judgment read as follows:
“IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be a judgment in favor of plaintiffs, JAMES D. PARKERSON AND JEAVELD PARK-ERSON LOWE, and against defendants, SAM J. REOILE and AUSTER OIL AND GAS, INC., jointly, severally and in solido,-ordering specific ixerformance of the Agreement to Purchase signed by both parties, dated May 3, 1971; that in compliance with this Judgment, defendants are ordered to appear before a Notary Public in the Parish of Orleans, selected by purchasers, on or before 5:00 p. m., January 10, 1973, and to pay the sum of $440,207.00, plus legal interest at the rate of seven (7%) percent running from the date of this order, plus ail court costs, and to accept title to the following properties, provided that plaintiffs furnish good and merchantable title thereto

. The consent judgment was simply a compromise of certain differences between the parties. But a compromise regulates only those differences which the parties clearly intended to be compromised; it does not extend to differences never intended to be included. Ilere, the parties had no differences or disputes as to factors affecting merchantable title in existence at the time of Parkerson’s acquisition. The trial court erred in holding that they intended to compromise such differences.